*Attorneys for Plaintiffs National Envelope Corporation and National Envelope-WH LLC*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08-09-07

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NATIONAL ENVELOPE CORPORATION
and
NATIONAL ENVELOPE-WH LLC,
*Plaintiffs*,

-against-

AMERICAN PAD & PAPER COMPANY OF DELAWARE, INC.
and
AMERICAN PAD & PAPER LLC
*Defendants*,

Civil Action No. 1:06-CV-12988 (CSH)

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between the subscribing parties hereto through their respective counsel subject to the approval of the Court that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Stipulated Protective Order ("Order") be entered:

IT IS HEREBY ORDERED THAT:

A. Information To Be Protected as Confidential.

1. There are two designations of documents or things and oral testimony that can receive the protection of confidentiality by the Court in this action pursuant to this Order, that is, those designated (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL—ATTORNEY'S EYES ONLY." Any materials labeled or testimony denoted with either designation and the information contained within those materials (collectively, "CONFIDENTIAL INFORMATION") shall not be used by any party, person, or nonparty entity except in accordance with the terms of this

Order. CONFIDENTIAL INFORMATION shall be used for purposes of this litigation only and for no other purpose (including among, but not limited to, purposes for which CONFIDENTIAL INFORMATION is not to be used are any business, commercial, or competitive purpose) and shall not be used in any other action or proceeding without either the written agreement of the party producing the CONFIDENTIAL INFORMATION or further order of the Court.

2. A document, thing, or oral testimony may be designated as "CONFIDENTIAL" if it contains trade secret or other confidential, commercially sensitive information, including, but not limited to, financial, research, development, technical, personnel, or customer information.

3. A document, thing, or oral testimony may be designated as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" only if it contains particularly sensitive information, including, but not limited to, (a) the names, or other information, tending to reveal the identities of a party's present or prospective customers; (b) the names, or other information, tending to reveal the identities of a party's suppliers or distributors; (c) proprietary and undisclosed trade dress and trademark information of a party; (c) proprietary and undisclosed financial information of a party; (e) marketing, advertising, and sales plans of a party (including, but not limited to, science and other research and technical work); and (f) unannounced new products and product or packaging enhancements (including, but not limited to, science and other research and technical work).

4. Any document or thing (or a copy or reproduction thereof) produced by any party or nonparty in response to any request for production or subpoena duces tecum in this action may be designated for confidentiality within the meaning of this Order by marking the face of each document or prominently on the thing with the word "CONFIDENTIAL" or the phrase "CONFIDENTIAL—ATTORNEY'S EYES ONLY," as specified in Paragraphs 2 and 3 above (a party designating the material as CONFIDENTIAL INFORMATION, "Producing Party"; a

party receiving the CONFIDENTIAL INFORMATION, "Receiving Party"), and the entire document or thing shall be so designated and subject to the protections of this Order. If a good faith basis exists, a party may redact certain portions of materials designated as containing CONFIDENTIAL INFORMATION. Other information provided through discovery, including, but not limited to, all or any part of discovery papers such as interrogatory responses, responses to requests for admissions, answers to deposition questions, information disclosed at hearings, information obtained from inspection of premises or things, and pleadings, motions, briefs, other court papers, and other material generated in the course of this action, including, but not limited to correspondence between counsel, summaries, notes, abstracts or other instruments that comprise, embody, summarize, discuss, or quote from any documents produced in this action, similarly may be designated as CONFIDENTIAL INFORMATION subject to the protections of this Order.

5. Deposition testimony may be designated as CONFIDENTIAL INFORMATION within the meaning of this Order as follows:

(a) At any deposition session, upon any inquiry with regard to the content of a document or information designated as CONFIDENTIAL INFORMATION, or when counsel for a party deems that the answer to a question will result in the disclosure of CONFIDENTIAL INFORMATION of his or her client within the meaning of this Order, counsel, at his or her option and without waiving the party's right to apply for relief under the Federal Rules of Civil Procedure in such a situation, may direct that the question and answer be transcribed separately from the remainder of the deposition and placed in a sealed envelope marked "CONFIDENTIAL INFORMATION UNDER PROTECTIVE ORDER." When such a direction has been given, the testimony shall be treated as CONFIDENTIAL INFORMATION under this Order. If counsel makes such a designation, those portions of the deposition or other testimony involving

CONFIDENTIAL INFORMATION will be taken with no one present except those persons authorized to have access to such CONFIDENTIAL INFORMATION in accordance with this Order.

(b) Counsel for the Producing Party shall have the right to exclude from oral deposition any person not authorized by this Order to receive information designated as CONFIDENTIAL INFORMATION, but such right of exclusion shall be applicable only during periods of examination or testimony directed to or comprising CONFIDENTIAL INFORMATION. The failure of such other persons to comply with a request of this type shall constitute justification for counsel to advise the witness that he or she need not answer the question.

(c) The transcript of any deposition and all exhibits or attachments shall be considered protected as CONFIDENTIAL INFORMATION from the date of the deposition until 20 calendar days after receipt of the transcript of the deposition or other testimony. During that 20-calendar-day period, either party may designate by page and line number the portions of the transcript and any specific exhibits or attachments that are to be treated as protected, by electing to designate them as CONFIDENTIAL INFORMATION. If no such designations are made and no such written notice of those designations is provided to the opposing party within the 20-calendar-day period, then the entire transcript and exhibits will be considered unprotected, with the exception of those exhibits previously designated as CONFIDENTIAL INFORMATION. A party objecting to any such CONFIDENTIAL INFORMATION designation in a deposition , whether made at the deposition or during the 20-calendar-day period after receipt of the transcript, shall follow the procedure set forth in Paragraph 18 below to resolve any such objection.

B. Information Not To Be Protected as Confidential.

6. Notwithstanding the designation of any materials as any type of CONFIDENTIAL INFORMATION, those materials shall not be deemed confidential and shall be not subject to this Order if the content or substance thereof

(a) is, or becomes, public knowledge, other than through violation of the terms of this Order;

(b) is acquired by a Receiving Party or nonparty from a third party, not a party to this action, lawfully possessing such information and having no legal obligation to the owner of the information to refrain from disclosing the information;

(c) was lawfully possessed by a Receiving Party or nonparty having no legal obligation to refrain from disclosing this information prior to the opening of discovery in this action;

(d) is disclosed by a Receiving Party or nonparty legally compelled to disclose the information; or

(f) is disclosed by a Receiving Party with the approval of the Producing Party.

Notwithstanding the foregoing, a party shall not unilaterally avail itself of these or any other exceptions to this Order, but instead shall obtain either the agreement of the party designating the material as CONFIDENTIAL INFORMATION or utilize the procedure of Paragraph 18 below before treating as nonconfidential any document or information contained therein produced as CONFIDENTIAL INFORMATION.

C. Nonparty May Designate Information To Be Protected as Confidential

7. If any materials are obtained from any person or entity not a party to this action, including, but not limited to, deposition testimony, that person or entity shall have the same rights to designate any such materials as CONFIDENTIAL INFORMATION as a party would have, and the use of those materials by the parties shall be governed in all respects by this Order, provided, however, that the person or entity agrees to be bound by the terms hereof by signing the affidavit attached to this Order as Exhibit A. The terms "party" or "parties" used in this Order shall be deemed to include any such nonparty to the extent necessary or appropriate to effectuate the terms of this paragraph. Each party seeking discovery from any nonparty by subpoena shall serve a copy of this Order along with the subpoena.

D. Persons Who Have Access to Information To Be Protected as Confidential

8. Except for those persons and under the conditions set out in Paragraphs 9 and 10 below, materials designated as "CONFIDENTIAL" shall be disclosed to only (a) outside and one designated in-house counsel for the parties to this action, including support staff reasonably necessary to assist that counsel and operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction; (b) one designated officer or employee of each party to this action assisting with the preparation and trial of this action (excluding those set forth in the preceding subparagraph (a)) (the "Designated Employees"); (c) independent and technical experts and consultants and their staff who are retained by any party or party's counsel to assist in this action, but only to the extent reasonably necessary to perform such work; (d) those persons who will testify at a deposition or at trial of this action and whose testimony involves those materials; (e) qualified persons taking or recording testimony involving such documents or other information and necessary stenographic and clerical personnel thereof (for example, court

reporters and video technicians); (f) this Court and Court staff; and (g) such other persons as agreed upon by the parties in writing, or after the parties having been heard, such persons that the Court deems necessary for the efficient and proper adjudication of this action.

9. Except for those persons and under the conditions set out in Paragraphs 9 and 10 below, materials designated as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall be disclosed to only (a) outside counsel for the parties, including support staff reasonably necessary to assist that counsel and operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction; (b) independent and technical experts and consultants and their staff who are retained by any party or party's counsel to assist in this action, but only to the extent reasonably necessary to perform such work; (c) qualified persons taking or recording testimony involving such documents or other information and necessary stenographic and clerical personnel thereof (for example, court reporters and video technicians); and (d) the Court and Court staff.

10. In addition to those persons described in Paragraphs 8 and 9 above who may receive CONFIDENTIAL INFORMATION, (a) a present employee or representative of a party may be examined and may testify concerning all documents and information designated as CONFIDENTIAL INFORMATION by that party; and (b) a former employee, associate, representative, or consultant of a party may be examined and may testify at a deposition concerning any documents or information designated as CONFIDENTIAL INFORMATION by that party, which was dated or created during, or which pertains to, the period during which that witness was employed by, associated with, representative of, or consultant to that party.

11. Nothing herein shall prohibit the disclosure of any document or information designated as CONFIDENTIAL INFORMATION to the person the document identifies as an author or addressee or copy recipient of such document.

E. Additional Requirements Concerning Disclosure to Certain Persons.

12. Prior to disclosure of or providing access to CONFIDENTIAL INFORMATION by any party or its counsel to any person other than those described in Paragraph 8(a), (e), and (f) and Paragraph 9 (a), (b), (d), and (e), the person shall be informed of the existence of this Order and provided with a copy to read. The person will then certify in writing that he or she has read and understood the Order and that the terms shall be binding on the individual, in the form attached to this Order as Exhibit A. Each person who receives any such CONFIDENTIAL INFORMATION agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to his or her performance under, compliance with, or violation of this Order. No person shall receive any CONFIDENTIAL INFORMATION or access to it until the party or counsel proposing to disclose the information has received the signed affidavit from that person. Counsel for each party shall collect the signed affidavits and shall retain the originals until the conclusion of this action. The undersigned counsel shall maintain a list of those persons to whom any such CONFIDENTIAL INFORMATION has been disclosed, and that list shall be available for inspection by the Court upon its request.

13. If this Court orders that access to or dissemination of any type of CONFIDENTIAL INFORMATION shall be had by or made to persons not included in Paragraphs 8-11 above, that CONFIDENTIAL INFORMATION shall be accessible to or disseminated to only those persons based on the conditions pertaining to and the obligations arising from this Order, and those persons shall sign the affidavit in the form attached to this Order as Exhibit A, and, in all other respects, shall be considered subject to this Order.

F. Briefs and Other Papers Filed with the Court.

14. When any CONFIDENTIAL INFORMATION is filed with the Court, it shall be filed under seal. Unless otherwise directed by the Court, the designated information shall be filed in a sealed envelope or other appropriate sealed container, prepared by the filing party, on which shall be endorsed the caption of this action, an indication of the nature of the contents of such sealed envelope or other container, the designation "CONFIDENTIAL--FILED UNDER PROTECTIVE ORDER," and a statement substantially in the following form:

> This envelope [or container] contains documents or other information filed in this case by [name of party] that are subject to a protective order; and, by order of this Court, the confidentiality of the material is to be maintained and the envelope [or container] is not to be opened or the contents to be displayed or revealed to any individual or entity except as directed by the Court.

G. Inadvertent Disclosure.

15. Inadvertent disclosure of information, which a party intended to designate as protected either under this Order or by the attorney-client privilege or the attorney's work product doctrine, by any party to any person or organization not authorized to receive such information under this Order shall not constitute waiver of any right to claim the information, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, as so protected and to request its immediate return or designation as protected upon discovery of the error.

H. Discovery of Disclosure to Unauthorized Persons.

16. If CONFIDENTIAL INFORMATION is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must promptly on discovery bring all pertinent facts relating to that disclosure to the attention of counsel for all parties and, if appropriate, to the Court, and, without prejudice to other rights and remedies of

any party, take reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of that CONFIDENTIAL INFORMATION.

I. Challenges to Designations as Protected.

17. Acceptance by a Receiving Party or its counsel of information disclosed under designation as CONFIDENTIAL INFORMATION shall not constitute an admission that the information is, in fact, entitled to protection.

18. If the parties or their counsel disagree as to whether certain information should be protected under this Order, they are obligated to negotiate in good faith regarding the designation by the Producing Party. In the event that a Receiving Party objects to the designation hereunder and seeks the removal or modification of any such designation, then the Receiving Party may notify the Producing Party of that objection in writing at any time. If the Producing Party disagrees with the objection in whole or part, then it shall so notify the Receiving Party within 5 business days after receiving the objection. If the Producing Party does not so notify the Receiving Party within the 5-business-day notice period, then each designation in question shall be deemed removed or modified in accordance with the objection. If the Producing Party has given written notice in accordance with this paragraph, and the parties have not resolved all the objections by mutual agreement, then the Receiving Party seeking to remove or modify the designation of any document or information as CONFIDENTIAL INFORMATION shall have the burden of applying to the Court for an order granting it corresponding relief from the applicable restrictions of this Order. On any such motion, the burden of persuasion shall be on the Producing Party to establish good cause for prohibiting the disclosure or sustaining the designation in issue. Unless and until such relief is granted, the documents and information in question shall remain protected hereunder.

J. Handling of Confidential Information.

19. Disclosure of CONFIDENTIAL INFORMATION is intended only to facilitate the prosecution or defense of this action. The recipient of any protected information disclosed in accordance with the terms of this Order is obligated to maintain the confidentiality of the information and shall exercise reasonable care in securing, handling, storing, using, or disseminating CONFIDENTIAL INFORMATION in a manner reasonably calculated to prevent disclosure of CONFIDENTIAL INFORMATION to any persons not authorized under this Order.

20. CONFIDENTIAL INFORMATION shall not be copied or reproduced except to the extent that copying or reproduction is reasonably necessary for the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Order.

K. Demands from Federal, State, or Local Governments or Agencies.

21. In the event that any entity or person subject to this Order receives a subpoena, civil investigative demand, or other legal process or request, including, but not limited to any such subpoena, demand, or request from the any federal, state, or local government or any of their agencies seeking disclosure or production of any CONFIDENTIAL INFORMATION, such entity or person shall give written notice of such request to all parties within 3 business days of receipt of the request and shall provide a copy of such subpoena, demand, process, or request to all parties and shall inform the entity issuing or seeking a court to issue such subpoena, civil investigative demand, or other process or request that any such information or documents sought are confidential and subject to this Order.

L. Handling of Confidential Information After Termination of This Action.

22. Within 30 calendar days after the final termination of this action, the parties and their attorneys shall return to each Producing Party or shall destroy all documents or things that

constitute, contain, discuss, or refer to in any way CONFIDENTIAL INFORMATION disclosed during the action except that trial counsel for each Receiving Party may retain one archival copy of CONFIDENTIAL INFORMATION produced by the Producing Party, a reasonable number of copies of briefs, demonstrative exhibits, and the like derived from that material, and all work product derived from that material, provided that such information shall remain CONFIDENTIAL INFORMATION subject to this Order.

M. Handling of Confidential Information at Trial.

23. Nothing herein shall preclude the offer or admission in evidence at trial of CONFIDENTIAL INFORMATION by any party, subject to the Producing Party's right to request confidential treatment from the Court.

N. Other Rights of the Parties and Counsel.

24. Nothing in this Order shall prevent a party from using or disclosing its own CONFIDENTIAL INFORMATION.

25. Nothing in this Order shall prevent the parties from mutually agreeing to the use or disclosure of CONFIDENTIAL INFORMATION other than as permitted by this Order.

26. Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to his or her client with respect to this action and, in the course thereof, referring to or relying upon his or her examination of documents or information designated as CONFIDENTIAL INFORMATION, including discussion with the client in general terms the content of documents containing CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with his or her clients, counsel shall not make any disclosure of specific CONFIDENTIAL INFORMATION.

27. Nothing herein shall preclude the filing by any party of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided by this Order.

O. Subject to Contempt for Breach.

28. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

P. Court's Jurisdiction After Termination of the Action.

29. This Court shall retain jurisdiction of the parties hereto indefinitely, even after termination of this action, regarding any dispute between them respecting improper use or disclosure of CONFIDENTIAL INFORMATION under protection of this Order.

Dated: New York, New York
August 8, 2007

FULBRIGHT & JAWORSKI L.L.P.

By ______________________
Mark N. Mutterperl (MM 1977)
Jessica S. Parise (JP 6171)
666 Fifth Avenue, 31st Floor
New York, New York 10103-3198
Telephone.: (212) 318-3000
Facsimile: (212) 318-3400

*Attorneys for Plaintiffs*
*National Envelope Corporation and*
*National Envelope-WH LLC*

GARDERE WYNNE SEWELL LLP

By ______________________
Steven Ross (SR 9361)
Thomas C. Wright
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: (214) 999-4914
Facsimile: (214) 999-3914

*Attorneys For Defendant*
*American Pad & Paper LLC*

SO ORDERED this 9th day of August, 2007

______________________
Charles S. Haight,
United States District Judge

25796831.2

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NATIONAL ENVELOPE CORPORATION
and
NATIONAL ENVELOPE-WH LLC,
*Plaintiffs*,

-against-

AMERICAN PAD & PAPER COMPANY
OF DELAWARE, INC.
and
AMERICAN PAD & PAPER LLC
*Defendants*,

Civil Action No. 1:06-CV-12988 (CSH)

STATE OF ____________ )
) ss.:
COUNTY OF ____________ )

**AFFIDAVIT OF [*name of affiant*]**

I, [*name of affiant*], being duly sworn upon oath and based upon my personal knowledge, depose and say that I have read the attached Stipulated Protective Order, entered __________, 2006, concerning the exchange of CONFIDENTIAL INFORMATION in the above-identified action, understand it, and agree to be bound by its terms. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of enforcing that Stipulated Protective Order and this Affidavit by contempt proceedings or other appropriate judicial remedies.

______________________________
[*Name of Affiant*]

Sworn to before me this ________
day of ______________, 2007.

______________________________
Notary Public

25796831.2

DALLAS 1815896v2